UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON PARKMAN

VERSUS

W&T OFFSHORE, INC., ET AL

CIVIL ACTION

NO. 20-883-JWD-EWD

**RULING AND ORDER**

Before the Court is Halliburton Company and Halliburton Energy Services, Inc.'s Motion to Dismiss Plaintiff's Vague Allegations, or, in the Alternative, for a More Definite Statement and Motion to Dismiss Maritime Law Claims (Doc. 26) ("Motion") brought by defendants Halliburton Company and Halliburton Energy Services, Inc. (collectively, "Halliburton Defendants"). It is opposed by plaintiff Jason Parkman ("Plaintiff" or "Parkman"). (Doc. 33.) Halliburton filed a reply brief. (Doc. 40.) The Court has carefully considered the law, the facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Motion is granted in part and denied in part.

**I.     PLAINTIFF'S ALLEGATIONS**

Plaintiff filed a tort suit in state court on November 20, 2020 against various defendants including the Halliburton Defendants. (Doc. 1-1 at 4.) On December 29, 2020, the case was removed to this court. (Doc. 1.) Plaintiff did not file a motion to remand.

Plaintiff alleges that on August 25, 2018, he sustained serious injuries while working on an "offshore drilling rig" off the coast of Louisiana. (Doc. 1-1 at 4, ¶ 1, 5; ¶¶ 7-8, 8 ¶ 21 (Petition);

Doc. 1-1 at 16, ¶ 1 (affidavit of Plaintiff attached to Petition).)[1] "Plaintiff brings his claim under Louisiana law under the OCSLA."[2] (Doc. 1-1 at 5, ¶ 2.)

However, "Plaintiff pleads in the alternative that his claims should be brought under the Jones Act[3] and general maritime law because whether Plaintiff is a Jones Act seaman is a factual issue for the jury to decide." (*Id.*) Without explanation or elaboration, Plaintiff alleges that "[a]t all relevant times Plaintiff was assigned to and contributing to the mission of the vessel in question. The vessel in question was in navigation at all relevant times. Plaintiff spent more than one third of his time working offshore on the same vessel or vessels under common control." (*Id*. at 8, ¶ 25.) Plaintiff does not name or otherwise identify the "vessel in question", does not give its location (other than to say it was in navigable waters), and does not state Plaintiff's position aboard the vessel, how he contributed to its mission or how it contributed to the accident.

Plaintiff names eight defendants including the Halliburton Defendants. He alleges that on the date of the accident, "[t]he named Defendants" held a safety meeting to determine how to resolve an issue with equipment which was stuck downhole. (*Id*. at 8, ¶ 22.) Plaintiff alleges that "all Defendants" decided to lift Plaintiff via winch to the top of the rig to trouble shoot the problem. (*Id*.) Although "all Defendants" were supposed to be monitoring the lift to ensure it was made safely, Plaintiff's secondary harness got caught on stationary rig equipment and yet "Defendants" continued to lift Plaintiff causing him serious injuries, including paraplegia. (*Id.* at 8, ¶ 23.)

---

[1] Plaintiff filed a *Motion for Partial Summary Judgment on Timeliness*. (Doc. 30.) In his Statement of Undisputed Facts, he represents that "[t]he drilling rig (no. 107) was a fixed platform on the Ship Shoal block of the Outer Continental Shelf" of the Gulf of Mexico. (Doc. 30-2 at 1, ¶ 2 (citing Doc. 18-2 at 2 (accident report from incident) and Doc. 18-3 (exhibit showing Ship Shoals on the Outer Continental Shelf))); *see also* Doc. 38 at 1 (Joint Status Report).)
[2] Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*
[3] 46 U.S.C. §30104, *et seq*.

Plaintiff then specifies that the Halliburton Defendants and three other named defendants (W&T Offshore, Inc., Baker Hughes Energy Services, LLC, and Baker Hughes Oilfield Operations, LLC) were negligent and grossly negligent for the following non-exclusive reasons:

a. Unsafe work practices relating to lifting Plaintiff to trouble shoot the stuck drilling equipment;

b. Unsafe work practices relating to planning the job in question;

c. Failure to perform an adequate JSA for the job in question;

d. Failure to perform an adequate hazard assessment for the job in question;

e. Failure to properly supervise the job in question;

f. Failure to have adequate policies and procedures for the job in question;

g. Failure to exercise stop work authority;

h. Failure to stop the job when Plaintiff's harness was caught;

i. Failure to identify safer means to trouble shoot the stuck drilling equipment;

j. Failure to warn and advise Plaintiff of the risks relating to the job in question;

k. Failure to configure the rigging equipment in a safe manner to allow Plaintiff to be lifted safely;

l. Failure to provide adequate safety equipment;

m. Failure to provide a safe working environment;

n. Instructing H&P workers to perform work in an unsafe manner;

o. Failure to warn Plaintiff of hidden dangers; and

p. Other acts deemed negligent and grossly negligent.

(Doc. 1-1 at 9-10.)

## II.     SUMMARY OF ARGUMENTS OF THE PARTIES

Halliburton Defendants claim that "…Parkman has failed to plead any specific allegations regarding the Halliburton Defendants' conduct or purported fault" and request dismissal or, alternatively ask that Plaintiff be required to amend his pleadings to make a more definite statement (Doc. 26 at 1), pointing the Court to, *inter alia*, *Petri v. Kestrel Oil & Gas Props., L.P.,* No. 09-3944, 2011 WL 2181316 at * 5, 7 (S.D. Tex. June 3, 2011) (Doc. 26-1 at 5.) In addition, Halliburton Defendants also move the Court to "dismiss the maritime law claims asserted by Plaintiff, because he has not alleged any facts that would support his alternative claim that he is a Jones Act seaman." (Doc. 26 at 2.)

Plaintiff argues that his "complaint easily satisfies Rule 8's 'short and plain statement' requirement for complaints that do not allege fraud." (Doc. 33 at 1-2.) "***Specific facts are not necessary***; the statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." (*Id*. at 6 (quoting *Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011), *report and recommendation adopted*, 2011 WL 917285 (in turn quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))) (emphasis by Plaintiff).)

Regarding Halliburton's objection to Plaintiff's maritime claims, Plaintiff concedes that his third-party claims are "primarily brought" under the OCSLA (*id.* at 11) and therefore "his third-party claims are controlled by Louisiana law." (*Id*.) "He raised Jones Act liability as an alternative theory only" and explains that "his primary reason for asserting alternative theories of liability in this case was to ensure a consistent result" in his own *Motion for Partial Summary Judgment on Timeliness* (Doc. 30). (*Id*.)

In its reply, Halliburton insists that Plaintiff's Petition is not adequately pled since, while "specific facts are not always necessary,… *some* factual detail is required." (Doc. 40 at 2.) Plaintiff's Petition fails in this regard. "Plaintiff Parkman's claims are much less detailed than the claims asserted in *Diamond Services*." (*Id*.) More akin to this case is *Petri*, 2011 WL 2181316, which dismissed a similar complaint for being inadequately pled. (*Id*. at 3.)

### III.   PLAINTIFF'S MARITIME CLAIMS

In its previous rulings in this case, the Court held that Plaintiff's maritime claims were not adequately pled and dismissed them. (Doc. 54 at 10; *Parkman v. W&T Offshore, Inc.,* No. 20-883, 2021 WL 2832950, at *5 (M.D. La. July 7, 2021) ("While Plaintiff makes alternative allegations of Jones Act and general maritime law liability against the H&P Defendants, these allegations are conclusory and insufficient to support a claim."); *see also* Doc. 53 at 7; *Parkman v. W&T Offshore, Inc.*, No. 20-883, 2021 WL 2544405, at *4 (M.D. La. June 21, 2021) ("Plaintiff provides no factual support for this alternative allegation of maritime/Jones Act jurisdiction in connection with the present Motion or in his oppositions to the motions to dismiss filed by the H&P Defendants and Halliburton.") Here, the Court issues the same ruling and for the reasons expressed in those earlier rulings, i.e. the Jones Act and maritime claims are dismissed.

### IV.   PLAINTIFF'S NEGLIGENCE CLAIMS

#### A. Pleading Standard

Federal Rule of Civil Procedure 8 states, in pertinent part: "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1). "Specific facts are not necessary; the statement

need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 92 (2007) (quoting *Twombly*, 550 U.S. at 555.

> [P]resent federal pleading practice is designed largely to serve the function of apprising the opposing parties of the nature of the litigation and the claims or defenses that are being raised by the suit. Consequently, a party need only plead in terms that are sufficient to provide the necessary notice to the opposing party or parties.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 (3d ed. 2021).

### B. Discussion

The Court has carefully reviewed Plaintiff's allegations against the Halliburton Defendants and finds them to be sufficient. Plaintiff alleges that "all Defendants" participated in the safety meeting which concocted the plan to send Plaintiff into the derrick to troubleshoot the problem of equipment stuck downhole; "all Defendants" had a duty to monitor Plaintiff's assent into the derrick; and "all Defendants" failed to take steps to avert the accident. (Doc. 1-1at 8, ¶¶ 22-23.) Plaintiff then itemizes 15 specific acts and omissions which he claims the Halliburton Defendants and three others were guilty of in causing the accident. (*Id.* at 9-10.) The fact that three other defendants are charged with the same acts and omissions as the Halliburton Defendants does not gainsay the fact that these allegations provide "fair notice of what the … claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 555.

The Halliburton Defendants' motion does not include a plausibility challenge under *Twombly, supra* or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) but, even if it did, that would not change the Rule 8 analysis.

> Mainly and specifically, [*Iqbal* and *Twombly*] do not treat the newly-minted "plausibility" paradigm as altering the way in which courts should apply other long-standing pleading requirements. Thus, the Supreme Court did not, by requiring plausibility, transmogrify the "short and plain" pleading requirement of Rule 8 into a pedantical one that requires the extensive pleading of specific facts or every variation or corollary of a claim. Nor did the Court really alter how the presumption

> of truth accorded factual allegations has been applied for more than a half century—
> either in defining what is "factual" or in allowing courts more liberty to second-
> guess factual allegations in the guise of applying the new plausibility standard. See
> *Courie*, 577 F.3d at 629–30. In short, that these well-established rules were restated
> in the context of decisions that made other changes does not mean that they
> themselves were changed. See *McShane*, 2009 WL 3837245, at *2 ("nothing in
> *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion
> to dismiss").

*Dobyns v. United States*, 91 Fed. Cl. 412, 428 (2010).

While it is true that some of the allegations could be more specific as to the role and conduct of each defendant, the Court agrees with Plaintiff that, given that the details of the roles and actions of the various parties are in the possession of the defendants, the information which would allow such specificity is largely limited to that which can be obtained in discovery. (Doc. 33 at 8 (quoting *Diamond Servs.*, 2011 WL 938785, at *6-7).) Since "no discovery has taken place in this case, it is 'nearly impossible for [the] plaintiff[] to obtain that information.' " (*Id*. at 8-9 (citing *Bertrand v. Eli Lilly & Co.*, No. 12-853, 2013 WL 12184299, at *5 (W.D. La. Mar. 13, 2013, *report and recommendation adopted as modified*, 2013 WL 4093556 (W.D. La. Aug. 13, 2013).) Hence, the Halliburton Defendants' motion to dismiss on this ground is denied as is their alternative motion for a more definite statement.

V.     **CONCLUSION**

For the foregoing reasons, Halliburton Company and Halliburton Energy Services, Inc.'s Motion to Dismiss Plaintiff's Vague Allegations or, in the Alternative, for a More Definite Statement and Motion to Dismiss Maritime Law Claims (Doc. 26) is granted in part and denied in part. The motion to dismiss Plaintiff's maritime claims is granted and these claims are dismissed with prejudice. In all other respects, the motion is denied.

Signed in Baton Rouge, Louisiana, on <u>August 6, 2021</u>.

                                      **JUDGE JOHN W. deGRAVELLES**
                                      **UNITED STATES DISTRICT COURT**
                                      **MIDDLE DISTRICT OF LOUISIANA**