## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JASON PARKMAN**

**VERSUS**

**W&T OFFSHORE, INC., ET AL**

**CIVIL ACTION**

**NO. 3:20-CV-883-JWD-EWD**

### RULING ON MOTION FOR SUMMARY JUDGMENT BY
### BAKER HUGHES ENERGY SERVICES, LLC

This matter comes before the Court on the Motion for Summary Judgment filed by Baker Hughes Energy Services LLC ("BHES"). (Doc. 58.) It is opposed by plaintiff Jason Parkman ("Plaintiff" or "Parkman"). (Doc. 62.) BHES filed a reply brief. (Doc. 63.) The Court has carefully considered the law, facts in the record and the arguments and submissions of the parties and is prepared to rule. For the reasons which follow, the motion is denied without prejudice.

## I.    BACKGROUND

Plaintiff filed a tort suit in state court on November 20, 2020 against various defendants including BHES. (Doc. 1-1 at 4.) On December 29, 2020, the case was removed to this Court. (Doc. 1.) Plaintiff alleges that on August 25, 2018, he sustained serious injuries while working on an "offshore drilling rig" off the coast of Louisiana. (Doc. 1-1 at 4, ¶ 1; *id.* at 5, ¶¶ 7-8; *id.* at 8, ¶ 21 (Petition); Doc. 1-1 at 16, ¶ 1 (affidavit of Plaintiff attached to Petition).) "Plaintiff brings his claim under Louisiana law under the OCSLA."[1] (Doc. 1-1 at 5, ¶ 2.)

Plaintiff names eight defendants including BHES and Baker Hughes Oilfield Operations LLC ("BHOO"). He alleges that on the date of the accident, "[t]he named Defendants" held a safety meeting to determine how to resolve an issue with equipment which was stuck downhole. (*Id.* at 8, ¶ 22.) Plaintiff alleges that "all Defendants" decided to lift Plaintiff via winch to the top

---

[1] Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*

of the rig to trouble shoot the problem. (*Id.*) Although "all Defendants" were supposed to be monitoring the lift to ensure it was made safely, Plaintiff's secondary harness got caught on stationary rig equipment and yet "Defendants" continued to lift Plaintiff causing him serious injuries, including paraplegia. (*Id.* at 8, ¶ 23.)

Plaintiff then specifies that BHES, BHOO and certain other Defendants were negligent and grossly negligent in the following non-exclusive ways:

a. Unsafe work practices relating to lifting Plaintiff to trouble shoot the stuck drilling equipment;

b. Unsafe work practices relating to planning the job in question;

c. Failure to perform an adequate JSA for the job in question;

d. Failure to perform an adequate hazard assessment for the job in question;

e. Failure to properly supervise the job in question;

f. Failure to have adequate policies and procedures for the job in question;

g. Failure to exercise stop work authority;

h. Failure to stop the job when Plaintiff's harness was caught;

i. Failure to identify safer means to trouble shoot the stuck drilling equipment;

j. Failure to warn and advise Plaintiff of the risks relating to the job in question;

k. Failure to configure the rigging equipment in a safe manner to allow Plaintiff to be lifted safely;

l. Failure to provide adequate safety equipment;

m. Failure to provide a safe working environment;

n. Instructing H&P workers to perform work in an unsafe manner;

o. Failure to warn Plaintiff of hidden dangers; and

     p.  Other acts deemed negligent and grossly negligent.

(Doc. 1-1 at 9–10.)

## II.    ARGUMENTS OF THE PARTIES

BHES admits that BHOO "did provide services and personnel on H&P rig 107 on the date of the subject accident and does not seek dismissal [of BHOO] from plaintiff's suit by way of this motion." (Doc. 58 at 1.) However, as to BHES, it contends that it "provided no services or personnel" on H&P rig 107 "on the date of the accident, August 25, 2018", nor did it provide services or personnel on H&P rig 107 or to the well or wells it was drilling for W&T Offshore, Inc…at any time prior to the date of the plaintiff's accident." (*Id*.) These contentions are supported by the Declaration of Angelina Craig, Senior Paralegal for Baker Hughes Company. (Doc. 58-3 at ¶ 9.)

In his opposition, Plaintiff "asks the Court to defer ruling on [BHES's] motion until Plaintiff can depose a Baker Hughes corporate representative and conduct targeted discovery to assess the validity of [BHES's] claims." (Doc. 62 at 1.) Plaintiff bases his request on Fed. R. Civ. P. 56(d) which allows the Court to defer consideration of a Motion for Summary Judgment and allow additional discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." (*Id.*)  Plaintiff argues he "is not in possession of evidence that he could put forth to refute or confirm [BHES's] claims" and states that he "is working on scheduling a Baker Hughes' deposition early in early 2022 and hopes to exchange discovery soon." (Doc. 62 at 2.)

Pointing the Court to recent Fifth Circuit jurisprudence, BHES argues that Plaintiff has utterly failed to meet his burden to show entitlement to the relief he seeks and specifically fails to 1) "explain how the discovery he proposes would preclude the entry of summary judgment against

him"; 2) justify "why such discovery has not been or could not [have been] obtained earlier", and 3) "set forth a plausible basis for believing the sought-after facts that would preclude summary judgment actually exist." (*Id.* citing, *inter alia, Bin Hoa Le v. Exeter Financial Corporation*, 990 F.3d 410, 413 (5th Cir. 2021); *Renfroe v. Parker*, 974 F.3d 594, 601 (5th Cir. 2020).

### III.    STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075(5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

4

On the issue of Plaintiff's Rule 56(d) request for discovery,

> When a party requests a continuance of a summary judgment motion to conduct discovery, the moving party must ... (1) 'demonstrat[e] ... specifically how the requested discovery pertains to the pending motion,' and (2) 'diligently pursue relevant discovery.' " [citing *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 197 (5th Cir. 2018) (*quoting Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992))]. As to the first requirement, the party must explain "how the additional discovery will create a genuine issue of material fact. [quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)].

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 413 (5th Cir. 2021)

Stated another way,

> Motions made under Rule 56(d) "are broadly favored and should be liberally granted," but a nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." [*Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)]. (internal quotation marks and citations omitted). "Rather, a request to stay summary judgment under Rule 56([d]) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).

*Renfroe v. Parker*, 974 F.3d 594, 600–01 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2519, 209 L. Ed. 2d 551 (2021).

## IV.    DISCUSSION

Applying the standard as articulated in *Binh Hoa Le* and *Renfroe*, the Court finds that Plaintiff has set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and he has indicated how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. Specifically,

Plaintiff wants to depose a corporate representative of BHES to test the accuracy of the facts set out in the Declaration of Angelina Craig which support BHES's motion. Although this deposition could have been taken earlier, the Court notes that the deadline for fact discovery is March 1, 2022. (Doc. 55.) The information produced at such a deposition would influence the outcome of the motion by either confirming the accuracy of Ms. Craig's Declaration or not.

Therefore, the Motion for Summary Judgment filed by Baker Hughes Energy Services LLC (Doc. 58) is denied without prejudice. Plaintiff's request for additional discovery under Fed. R. Civ. P. 56(d) is granted to this limited extent. Plaintiff may take the 30(b)(6) deposition of Baker Hughes Energy Services LLC limited to testing the facts set out in Declaration of Angelina Craig. The deposition must be completed by February 15, 2021. It is expected that if the statements set out therein are confirmed in the deposition, the re-filed Motion for Summary Judgment on behalf of Baker Hughes Energy Services LLC will not be opposed or, alternatively, this defendant will be dismissed voluntarily by Plaintiff.

Signed in Baton Rouge, Louisiana, on January 10, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**